IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TODD HOWARD TESKE VON GUNTEN, | ) | Case No. 10-21227 |
| | ) | Chapter 13 |
| Debtor. | ) | |

FILED

10:21 am, 6/15/11

Tim J. Ellis
Clerk of Court

**MEMORANDUM OPINION DENYING CONFIRMATION OF
DEBTOR'S THIRD AMENDED PLAN**

On March 23, 2011, this matter came before the court for an evidentiary hearing on the confirmation of Debtor's Third Amended Plan dated January 10, 2011 and the objections filed by Diane Gifford ("Gifford"), Reliant Federal Credit Union ("Reliant"), Aurora Loan Services ("Aurora"), and the Chapter 13 Standing Trustee ("Trustee"). The parties were represented as stated on the record. The court, having reviewed the file, testimony, and evidence finds that confirmation of the plan is denied.

**Jurisdiction**

This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(L). The motion to confirm was brought under 11 U.S.C. §1325.[1]

**Background**

Todd Howard Teske von Gunten ("Debtor") filed his Chapter 13 bankruptcy petition on October 14, 2010. The initial Chapter 13 Plan was filed on November 8, 2010. The Debtor filed an Amended Chapter 13 Plan on November 30, 2010. The

---

[1] Unless otherwise indicated, all future statutory reference are to the Bankruptcy Code, Title 11 of the United States Code.

confirmation hearing was scheduled for February 2, 2011. Subsequently, the Debtor filed his Third Amended Chapter 13 Plan on January 11, 2011 which is before the court for confirmation.

Numerous objections to confirmation of the plan were filed. The Trustee objects, alleging that the plan is not feasible. Aurora objects to the conditional surrender of its collateral as proposed in the plan. Reliant asserts that: (1) it filed a claim in the amount of $40,698.50 to which no objection has been filed by the Debtor and therefore should be provided for in the plan; (2) the plan does not provide for the arrearage on its mortgage; and, (3) Reliant also objects to the conditional surrender language in the plan. Mrs. Gifford objects to confirmation alleging: (1) she has a priority claim for domestic support obligations; and (2) that the Debtor has not made provisions for the Reliant claim in the plan, exposing her to possible liability.

**Discussion**

1.   Gifford's objection to confirmation of the plan.

Mrs. Gifford filed a proof of claim asserting a priority claim. According to the Debtor's Status Report filed April 21, 2011, to which Gifford did not object, the Debtor's child support obligation has been modified by a Stipulated Order for Modification of Child Support on April 14, 2011 in the State of Wyoming District Court of the Seventh Judicial District to $600.00 per month. Additionally, the parties agreed to a resolution of Gifford's claim for reimbursement of other expenses that were presented to this court as

part of Gifford's claim against the Debtor. Mrs. Gifford filed an amended proof of claim on April 18, 2011 which claims only the revolving line of credit at Reliant in the amount of $40,698.50 as a secured claim. Therefore, Gifford's priority claim based upon a domestic support obligation is resolved.

Mrs. Gifford also objects that the Debtor has not provided for the Reliant claim in the plan exposing her to possible liability. The court will address the Reliant claim below. However, the court will not address Mrs. Gifford's liability or her remedies under the Bankruptcy Code.

2.   Aurora's objection to confirmation of the plan.

Aurora objects to the Debtor's plan providing for the conditional surrender of the real property secured by a mortgage. In Class 5, the plan provides that the debtor will surrender the collateral, with the following condition:

> "Surrender will occur if residence cannot be sold for an amount sufficient to satisfy mortgage balances and homestead claim on or before October 13, 2011. There may be a challenge to the perfection of the [A]urora mortgage that would affect surrender."

Aurora argues that the Bankruptcy Code does not allow for the conditional surrender of collateral in a Chapter 13 Plan.[2]

The issue is whether the alternatives for the treatment of secured claims under §1325(a)(5) are mutually exclusive. The United States Bankruptcy Court for the District

---

[2] § 1325(a)(5)(c),

of Ohio in *In re Elkins*[3], following the decisions in *Williams*[4], *Covington*[5] and *Schwartz*[6], found "that §1325(a)(5) sets forth mutually exclusive options for the treatment of secured claims, not alternatives that may be combined to form a composite remedy." In this case, the Debtor is attempting to form a "composite remedy" by retaining the property, but not paying the underlying debt, and surrendering the property on a date certain, but only if "the residence cannot be sold for an amount sufficient to satisfy mortgage balances and [the Debtor's] homestead claim." This court finds the decisions cited above to be persuasive. The language of §1325(a)(5) does not allow treatment of the secured claims as proposed by the Debtor. Accordingly, the objection filed by Aurora is sustained.

3.    Reliant's objection to confirmation of the plan.

Reliant also objected to the conditional surrender of its collateral. As stated above, the court finds that the Bankruptcy Code does not allow for alternative treatments of secured debt, other than what is specifically allowed under §1325(a)(5). Therefore, Reliant's objection to confirmation of the plan is sustained.

Reliant also asserted that the plan did not provide for its filed claim or arrearage. The court's ruling on the Debtor's proposed alternative treatment of this secured debt, makes these issues moot.

---

[3] *In re Elkins*, Case No. 04-67951, 2005 Bankr. LEXIS 2900 (Bankr. S.D. Ohio, August 16, 2005).

[4] *Williams v. Tower Loans, Inc. (In re Williams)*, 168 F.3d 845 (5th Cir. 1999).

[5] *In re Covington*, 176 B.R. 152 (Bankr. E.D. Tenn. 1994).

[6] *In re Schwartz*, 1998 Bankr. LEXIS 74, 1998 WL 37551 (Bankr. E.D. Pa. 1998).

Page 4

4, <u>Trustee's objection to confirmation of the plan</u>.

The Trustee's objections mirror the previous objections, in that if the plan is approved as proposed, it would not be feasible. The Court has addressed each of the above objections.

Therefore, based upon the above analysis, the court finds: (1) that the objection filed by Gifford is moot; (2) the objection filed by Aurora is sustained; (3) the objection filed by Reliant is sustained; and (4) the objection filed by the Trustee is moot.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 14 day of June, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge